OPINION
Plaintiff-appellant, Linda Castrataro, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Kenneth Urban and Central Ohio Medical Group. Because the trial court improperly granted defendants' summary judgment motion, we reverse.
On April 10, 1997, plaintiff filed a complaint against defendants asserting that on or about June 9, 1995, defendants failed to properly diagnose and treat plaintiff for Epstein-Barr virus. Defendants responded with an answer denying liability and asserting various affirmative defenses, including the statute of limitations.
On May 7, 1998, defendants filed a motion to extend the time to disclose their witnesses, as plaintiff had failed to identify her expert witness. By decision and judgment entry filed June 17, 1998 ("June 17, 1998 decision"), the trial court denied defendants' motion. The court noted that the scheduling order provided for initial joint disclosure of witnesses on February 12, 1998, with supplemental joint disclosure on May 7, 1998. Because both deadlines had expired, the court found that any "witness not having been disclosed on either of those two dates is precluded from testifying at the trial currently set for April 8, 1999. Judging from the current status of the court file and the applicable rules, the only witness which the Plaintiff can use at trial is herself." (Decision and Entry, June 17, 1998.) Accordingly, the trial court denied defendants' motion.
On July 8, 1998, and despite no motion from plaintiff appearing in the record, defendants filed a Memorandum Contra Plaintiff's Motion to Amend Case Schedule and Plaintiff's Motion for Status Conference. In addition, defendants filed a Motion for Summary Judgment. Defendants attached no affidavit to their motion, but based their motion strictly on plaintiff's having no witnesses but herself.
In response, plaintiff filed a Memorandum Contra Defendants' Summary Judgment Motion, and at the same time filed her Response to Defendants' First Request for Documents and Defendants' First Set of Interrogatories. Defendants responded with a Reply Memorandum in Support of Its Summary Judgment Motion.
Beginning August 6, 1998, plaintiff began a series of repetitious motions, filing initially a motion to amend the case schedule, a motion for a status conference, and a motion to transfer the case to another judge. The next day, she filed a reply to defendants' summary judgment motion. In the midst of plaintiff's motions, the trial court addressed defendants' summary judgment motion, noting that defendant Urban filed an affidavit stating he did not deviate from the accepted standard of care. Because plaintiff had proffered no expert medical opinion, the trial court found no genuine issue of material fact and granted defendants' summary judgment motion.
As a result, on September 1, 1998, plaintiff filed a memorandum contra defendants' summary judgment motion, a motion to amend the case schedule, a motion for a status conference, and a motion for a new trial. In addition, on September 1, 1998, she filed a motion to amend the case schedule and a motion for status conference, both of which she purportedly had mailed on June 26, 1998 for filing in the court. On September 1, 1998, she also filed a reply to defendants' summary judgment motion and a motion to reassign the matter to a different judge.
Several days later, on September 4, 1998, she filed a motion for a new trial, and a motion to amend the case schedule and motion for status conference, both of which she purportedly had mailed on June 26, 1998, a motion to reassign the matter to a new judge, her reply to defendants' summary judgment motion, and her memorandum contra defendants' summary judgment motion.
On February 25, 1999, plaintiff filed a notice of appeal, which this court dismissed due to the motion for a new trial pending in the trial court. Although plaintiff filed an additional motion to reassign the matter to a different judge, the trial court on the same date denied the motion for a new trial, rendering the matter appealable. On appeal, plaintiff assigns the following errors:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-MOTION FOR EXTENSION OF TIME TO DISCLOSE WITNESSES ON MAY 7, 1998. IN DENYING DEFENDANT'S MOTION, THE COURT GOES AGAINST OHIO CIVIL RULE 83 WHICH STATES THAT LOCAL RULES SHOULD ONLY BE ADOPTED AFTER APPROPRIATE NOTICE AND OPPORTUNITY FOR COMMENT, NEITHER OF WHICH HAPPENED AT THE TIME OF JUDGE MILLER'S DECISION ON JUNE 16, 1998.
 II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT FROM DISCLOSING WITNESSES AFTER MAY 7, 1998 ON THE COURT'S JUNE 16, 1998 DECISION. PLAINTIFF HAD STATED SUBSEQUENTLY ON JUNE 24, 1998 THAT DEFENDANT DID NOT ATTEMPT TO RESOLVE THE DISPUTE PRIOR TO FILING HIS MOTION ON MAY 7, 1998, AND THUS WAS UNFAIR TO PLAINTIFF UNDER LOCAL RULE 47.01. PLAINTIFF HAD ALSO STATED THAT SHE PROVIDED TO DEFENDANT A POSSIBLE LIST OF WITNESSES IN HER ANSWER TO INTERROGATORIES.
 III. THE TRIAL COURT ERRED IN ITS JUNE 16, 1998 DECISION. IN THIS DECISION, THE COURT GOES AGAINST LOCAL RULE 47.02 AND THE DISCOVERY CUT-OFF DATE LISTED AS DECEMBER 31, 1998 BY THE CLERK'S CASE SCHEDULE.
 IV. THE TRIAL COURT ERRED IN NOT RULING ON PLAINTIFF-APPELLANT MOTIONS FILED ON JUNE 24, 1998 AND JUNE 26, 1998. THE TRIAL COURT GOES AGAINST LOCAL RULE 7 WHICH SPECIFIES FILES. THE COURT ERRED IN NOT RULING ON PLAINTIFF'S MOTIONS WITHOUT SPECIFYING ITS GROUNDS.
 V. THE TRIAL COURT ERRED IN NOT GRANTING A STATUS CONFERENCE TO PLAINTIFF IN THIS CASE. THIS WAS PREJUDICIAL TO PLAINTIFF-APPELLANT IN HER CAUSE OF ACTION.
 VI. THE COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT. SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED DUE TO PRIOR MOTIONS AND TO BASIS OF MOTION AS STATED BY DEFENDANT.
 VII. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. DOCUMENTARY EVIDENCE AT THAT TIME SHOW THAT ISSUES OF MATERIAL FACT WERE DISPUTED BETWEEN PARTIES AND THUS PRECLUDED SUMMARY JUDGMENT MOTION.
 VIII. THE TRIAL COURT ERRED IN NOT MOVING TO HAVE MATERIAL EVIDENCE EXAMINED AFTER GRANTING SUMMARY JUDGMENT MOTION. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION AND SUBSEQUENTLY DISPOSING OF THE CASE IN ALL ITS ENTIRETY WITHOUT A HEARING OR DIRECTING THE COURT TO OBTAIN MORE EVIDENCE FROM EITHER PARTIES. THIS IS CONTRARY TO OHIO CIVIL RULE 56.
 IX. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY STATING THAT THE STANDARD TO PROVIDE MEDICAL EXPERT TESTIMONY IS A REQUIREMENT OF A MEDICAL MALPRACTICE CASE. THE TYPE OF INJURY IN THIS CASE DID NOT NECESSITATE MEDICAL EXPERT TESTIMONY AT THAT POINT OF THE PROCEEDING.
 X. THE TRIAL COURT ERRED IN THIS CASE BY CONTINUOUSLY FAILING TO EFFICIENTLY PROCESS MOTIONS BY PLAINTIFF AND HAD CAUSED SERIOUS PROBLEMS IN THE ADMINISTRATION OF JUSTICE. PLAINTIFF-APPELLANT WAS ALSO DENIED CONFERENCES, PHONE CALLS, AND HEARINGS IN HER CAUSE OF ACTION AND THIS WAS PREJUDICIAL TO PLAINTIFF.
Plaintiff's ten assignments of error generally fall into two categories: (1) the trial court's ruling on pretrial motions and handling of pretrial procedural matters, and (2) the trial court's ruling on defendants' summary judgment motion.
Plaintiff's first, second, third, fourth, fifth, and tenth assignments of error fall into the first category, and we address them jointly. Plaintiff primarily contests the trial court's refusal to amend and extend the case schedule, generated at the time plaintiff filed her complaint. According to that schedule, although no status conference was scheduled, initial joint disclosure of all witnesses was to occur on February 12, 1998, with a supplemental joint disclosure of all witnesses on May 7, 1998. All dispositive motions were to be filed by December 17, 1998, and discovery cut-off was scheduled for December 31, 1998.
Initially, to the extent plaintiff's assignments of error contest the trial court's ruling on defendants' motion to amend the case schedule, at first blush the prejudice in any erroneous ruling appears to fall to defendants, not plaintiff. Nonetheless, the trial court specifically stated in its June 17, 1998 decision that "[j]udging from the current status of the court file and the applicable rules, the only witness which Plaintiff can use at trial is herself. In view of Plaintiff's failure to timely disclose her expert witnesses, or any witness, the Court DENIES
Defendants' Motion." Accordingly, although the decision ostensibly denies defendants' motion, it specifically addresses plaintiff, her failure to disclose witnesses, and the result that she is precluded from using any expert witnesses. Because the decision rules directly on plaintiff's ability to present her case, we address the errors directed to the court's June 17, 1998 decision.
Plaintiff first asserts the local rule regarding case schedules contravenes Civ.R. 83, which requires that local rules be adopted only after appropriate notice and an opportunity for comment. Although plaintiff asserts that the local rule at issue was adopted without notice or an opportunity for comment, nothing in the record supports plaintiff's contentions. Indeed, plaintiff appears to argue that the trial court was required to provide notice and an opportunity for comment in this case, as opposed to when the local rule was adopted. Plaintiff misinterprets the thrust of Civ.R. 83, which does not require such notice or comment during the pendency of plaintiff's action.
Plaintiff also suggests the trial court's June 17, 1998 decision violates Loc.R. 47.02, as well as the discovery cut-off date of December 31, 1998. Again, however, plaintiff misapprehends application of the local rule. Loc.R. 47.02 concerns the discovery cut-off date, which is stated to be the last date "for any party to seek the involvement of the Trial Judge in the discovery process by way of motion seeking a ruling, an order, sanctions, or other court action, absent extraordinary circumstances." The rule provides that mutually agreed-upon discovery may continue after the discovery cut-off so long as it does not delay another event on the case schedule. By contrast, the court's ruling was directed to the disclosure of witnesses, not the discovery which may follow disclosure of witnesses. Indeed, disclosure is frequently required to allow subsequent discovery to proceed in an orderly fashion. The trial court's June 17, 1998 decision thus did not violate Loc.R. 47.02.
Similarly, plaintiff misapplies Loc.R. 47.01. Loc.R. 47.01 encourages opposing counsel to freely exchange discoverable information and to resolve any discovery disputes by agreement prior to filing motions with the court. Defendants' motion to amend the case schedule was not a discovery dispute, but rather a request that the court amend the case schedules due to plaintiff's failure to disclose her witnesses; on the initial joint disclosure of witnesses, further discovery was to be conducted. Loc.R. 47.01 simply encourages cooperation in working out any disputes arising in that discovery before the parties file motions with the court.
Plaintiff next suggests the trial court erred in not ruling on her June 24, 1998 and June 26, 1998 motions seeking to amend the case schedule and to hold a status conference. Plaintiff contends the trial court's failure to rule on the motions violates Loc.R. 7.
Preliminarily, the record contains no motions to amend case schedule or for status conference time-stamped June 24, 1998 or June 26, 1998. While plaintiff contends she mailed the motions to the court for filing, for whatever reason they do not appear in the record time-stamped with those dates. To the contrary, plaintiff's request to amend the case schedule appears to have been filed for the first time on August 6, 1998.
Given that background, plaintiff apparently contends the trial court erred in not ruling on her motions because the clerk of courts violated Loc.R. 7 in failing to file motions she had mailed for that purpose. While the clerk is to file all papers delivered to it, we have no way of determining whether the two motions at issue were presented to the clerk for filing. In any event, because the record fails to contain the two motions plaintiff references, bearing a time-stamp on or about those days, we cannot find that the trial court erred in failing to rule on them. Moreover, to the extent plaintiff's later motions seeking to amend the case schedule or to have a status conference are duplicates of the motions she contends she filed on June 24, 1998 and June 26, 1998, the trial court ruled on them.
Plaintiff next contends the trial court erred in not granting a status conference to plaintiff in this case. Plaintiff's assigned error, however, appears to be based on a misunderstanding of the purpose of the status conference. While plaintiff contemplated presenting evidence to the trial court in support of her claims at that status conference, a status conference is not an evidentiary hearing. Because plaintiff's brief fails to articulate any prejudice plaintiff sustained in the trial court's failing to conduct a status conference, her argument is not persuasive.
Finally, plaintiff contends the trial court generally failed to efficiently process plaintiff's motions or handle her case. The record fails to support plaintiff's contentions. Plaintiff filed numerous, repetitive motions which belie a misunderstanding of court procedures. The trial court nonetheless timely addressed the motions and ultimately disposed of the case on defendants' summary judgment motion. While plaintiff contends the trial court should have held status conferences and hearings in the interim, the motions filed and the record as a whole disclose no basis for the trial court to do so.
For the foregoing reasons, plaintiff's first, second, third, fourth, fifth, and tenth assignments of error are overruled.
Plaintiff's six, seventh, eighth, and ninth assignments of error challenge the propriety of the trial court's granting defendants' summary judgment motion. An appellate court's review of summary judgment is conducted under a de novo standard.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181.
Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims.Id.; Vahilla v. Hall (1997), 77 Ohio St.3d 421. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, supra, at 293;Vahilla, supra, at 430; Civ.R. 56(E).
Here, although the trial court's decision and entry granting defendants' summary judgment motion states defendant Urban filed an affidavit asserting "that he did not deviate from the accepted standard of care," no such affidavit is in the file. Nor did an affidavit or any other Civ.R. 56(C) materials accompany defendants' motion. Accordingly, defendants failed to comply with the requisites of Civ.R. 56 as interpreted by Dresher. Beder v.Cleveland Browns, Inc. (1998), 129 Ohio App.3d 188, 196-197
(finding that defendant's summarily asserting that plaintiffs could "come forward with no evidence" to support their claim did not satisfy their initial burden under Civ.R. 56 and summary judgment should have been denied). Because defendants failed to utilize evidence under Civ.R. 56(C) supporting their contention that they are entitled to judgment, plaintiff was not required to respond with facts showing a genuine issue exists for trial. Id.
We recognize, nonetheless, that plaintiff's case presents unusual circumstances. Given the trial court's June 17, 1998 decision, plaintiff had no witnesses, apart from herself. In order to establish a medical malpractice claim, plaintiff was required to show by a preponderance of the evidence that the injury complained of was the result of defendants' negligence. To prove Court of Appeals of Ohio, that negligence, plaintiff had to establish that defendants failed to comply with a recognized standard of care, and proof of that standard must be provided through expert testimony. Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 131-132. While plaintiff contends the case either is governed by res ipsa loquitur or is so obvious that it requires no expert testimony, neither contention is persuasive.Res ipsa loquitur has no bearing on plaintiff's medical malpractice case; defendants' alleged failure to diagnose Epstein-Barr virus, and whether that failure is the proximate cause of the injuries plaintiff claims to have sustained, are matters for expert testimony. Due to her lack of an expert medical witness, plaintiff cannot prevail in the current posture of this case.
Indeed, in support of their motion for summary judgment, defendants point to plaintiff's lack of a medical expert witness, arising from the trial court's June 17, 1998 decision finding plaintiff's only witness to be herself. While that decision does not fall under the Civ.R. 56(C) list of materials properly considered in determining a summary judgment motion, plaintiff's failure to object to materials other than those specified in Civ.R. 56(C) allowed the trial court to consider them. Lytle v.Columbus (1990), 70 Ohio App.3d 99, 104. The trial court, however, did not consider that evidence, but instead decided defendants' motion on an affidavit not in the record. Moreover, because the trial court did not base its summary judgment ruling on its June 17, 1998 decision, it never considered whether that June 17, 1998 decision, interlocutory in nature, should persist unmodified and determine plaintiff's action. While defendants appropriately also presented their motion as a Civ.R. 41(B) motion, the trial court did not so consider it. Accordingly, because the trial court improperly granted defendants' summary judgment motion, and presented no alternative means in support of its action by a ruling on defendants' Civ.R. 41(B) motion, we sustain plaintiff's sixth assignment of error to the extent indicated and overrule her seventh, eighth, and ninth assignments of error for the reasons stated.
Having overruled all of plaintiff's assignments of error except the sixth assignment of error which is sustained, we affirm in part and reverse in part the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded.
LAZARUS, J., and BOWMAN, P.J., concur.